IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROLYN E. MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-cv-0049-MJR |
| | ) |
| MISSISSIPPI VALLEY INTERGOVERNMENTAL COOPERATIVE, | ) ) ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**A.  Introduction**

In November 2004, Carolyn E. McDonald filed suit against Alton School District Medical Insurance Plan in the Circuit Court of Madison County, Illinois. McDonald alleged that, as part of her benefit package, the Alton School District provided a major medical payment plan administered by United Healthcare (Doc. 10-1, Exhibit A). She submitted that she was a covered individual under the self-funded ERISA plan established by the school district. *Id*. McDonald alleged that United Healthcare denied payment of benefits for her medical condition, large lower abdominal pannus, advising her that the procedure was cosmetic. McDonald's symptoms did not abate, and she underwent a panniculectomy, for which she incurred medical expenses. United Healthcare's refusal to pay for this surgery led to the instant lawsuit.

In March 2005, McDonald amended her complaint to name as Defendant Mississippi Valley Intergovernmental Co-Op ("MISSVIC") (Doc. 10-1, Exhibit B). There followed Second, Third and Fourth Amended Complaints, which contained essentially the same

1

allegations. Ultimately, on December 28, 2009, McDonald filed her Fifth Amended Complaint. Within 30 days thereafter, on January 22, 2010, MISSVIC removed this action to this District Court, invoking federal-question jurisdiction under **28 U.S.C. § 1331**. On February 19, 2010, McDonald moved to remand the action to state court, contending that MISSVIC's removal is untimely (Doc. 10). MISSVIC, originally served in this case in March 2005, contends that removal was timely because it removed the action within 30 days of being served with the Fifth Amended Complaint, the first pleading from which it could clearly ascertain that McDonald was attempting to state a cause of action under ERISA. For the reasons set forth below, the Court grants McDonald's motion and remands this action to state court.

    **B.**    <u>Analysis</u>

A district court is required to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." **28 U.S.C. § 1447(c)**. The United States Court of Appeals for the Seventh Circuit has emphasized that federal district courts "are obliged to police the constitutional and statutory limitations on their jurisdiction." ***Krueger v. Cartwright,* 966 F.2d 928, 930 (7th Cir. 1993)**; ***Joyce v. Joyce,* 975 F.2d 379, 386 (7th Cir. 1992); *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir. 1986).**

Stated another way, this Court's exercise of subject matter jurisdiction is constrained by the well-established rule that federal district courts must interpret the removal statute narrowly and "presume that the plaintiff may choose his or her forum." ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. Any doubts regarding jurisdiction should be resolved in favor of remand to state court. ***See Doe,* 985 F.2d at 911 (citing *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976))**.

**28 U.S.C. § 1446(b)** requires that the removal notice be filed within 30 days after the defendant receives a pleading or paper from which it may be ascertained that the case is removable:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." **28 U.S.C. § 1446(b)**; *Price v. Wyeth Holdings Corp.*, **505 F.3d 624, 630 (7th Cir. 2007).**

McDonald contends that MISSVIC's removal is untimely because MISSVIC could have ascertained that the case was eligible for removal when it was first served in March 2005, or at the latest, in August 2005, when she filed Second Amended Complaint. According to McDonald, MISSVIC filed a motion to dismiss the amended complaint, alleging that she had not filed a copy of her policy or an affidavit indicating that she had no policy in her possession. As a result, in August 2005, McDonald filed Second Amended Complaint, to which was appended an affidavit averring that she had no plan in her possession.

MISSVIC responds that it was not until the Fifth Amended Complaint was filed that it was clear that McDonald was attempting to state a cause of action under ERISA and that this document triggered removal of the action to federal court. According to MISSVIC, prior to the filing of the Fifth Amended Complaint, it appeared that McDonald merely alleged a cause of action for breach of contract and did not assert a cause of action under ERISA. When the state court ordered McDonald to file a Fifth Amended Complaint setting forth whether she was filing a complaint under her employment contract or provisions of the Defined Benefits Plan, McDonald responded by attaching a copy of the Defined Benefits Plan to the Complaint.

Because McDonald attached a copy of this Plan, MISSVIC submits that it was able to ascertain that she was attempting to file a cause of action under ERISA and promptly removed the case.

The undersigned District Judge agrees with McDonald that ***Medical College of Wisconsin Faculty Physicians and Surgeons v. Pitsch,* 776 F.Supp. 437 (E.D.Wis. 1991) (Evans, T., Chief Judge)**, is closely analogous to the current proceeding and that the analysis therein is persuasive. Brian Pitsch maintained a health insurance policy from Employers Health. He and his wife were seriously injured in an automobile accident, but Employers Health denied payment for certain medical and hospital expenses. When medical care providers sued the Pitsches, they impleaded Employers Health, bringing only state law claims, including breach of contract and bad faith. Ultimately, on motion for summary judgment, the state court determined that all of the Pitsches' third-party state law claims against Employers Health were preempted by ERISA. Employers Health removed the case 30 days after the state court made that determination. The Pitsches moved to remand the case, asserting that the removal was untimely.

The Court observed, "For an action to be removable on the basis of a federal question, the federal issue must appear on the face of a well-pleaded complaint." ***Id*. at 439**. The Court then noted an important corollary to that requirement: that "[c]ertain federal statutes are so pervasively preemptive that any related state law action is deemed to be a federal claim from the start; the action is removable even though only a state law claim appears on the face of the complaint." *Id.* **(citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987))**. The Court stated succinctly, "ERISA is such legislation." *Id*.

The Court then explained,

> State law claims by a beneficiary to enforce plan provisions are both preempted and displaced by ERISA to such an extent that complaints pleading such state law

>  causes of action are removable under 28 U.S.C. § 1441(b). *Metropolitan Life [Ins. Co. v. Taylor],* 481 U.S. 58, 107 S.Ct. 1542 [1987]. The preemption clause, 29 U.S.C. § 1144, means ERISA supersedes all state law that relates to an employee benefit plan. And, although Congress granted concurrent state and federal jurisdiction, 29 U.S.C. § 1132(e), empowerment of a participant to recover benefits or enforce employee benefit plan provisions falls exclusively under 29 U.S.C. § 1132(a)(1)(B). *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987); *Metropolitan Life,* 481 U.S. at 62-63, 107 S.Ct. at 1545-1546. *Id.*

As in *Pitsch*, McDonald is a participant in and seeks to recover benefits under employee benefit plan provisions. She alleged only state law claims against MISSVIC, specifically breach of contract. Even though MISSVIC argues that the federal issue was not obvious until the Defined Benefits Plan was filed, the action was "necessarily federal in character by virtue of the clearly manifested intent of Congress," and was removable at the time the original complaint was filed. *See id.* **at 440 (citing *Metropolitan Life*, 481 U.S. at 67)**. The addition of the Defined Benefits Plan does not substantially alter the suit. The case remains focused on the same facts and the same medical coverage contract that formed the basis for the state law claims.

Lastly, this case was heavily litigated in state court for over five years before it was removed to federal court. Remanding it to state court serves the important purpose of preventing "the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* **668 F.2d 962, 965 (7th Cir. 1982)**. A fresh start in federal court is not warranted.

**C.     Conclusion**

For these reasons, the Court concludes that it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447, **GRANTS** McDonald's motion to remand this case to Madison County Circuit Court (Doc. 10).

**IT IS SO ORDERED.**

**DATED this 23rd day of April, 2010**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**